## JOHN GUILFORD versus DENNIS CHILDS.

An assignment of real estate by an insolvent debtor, under *St.* 1836, *c.* 238, duly notified in a newspaper as required by that statute, is valid as against an attaching creditor, although not recorded in the registry of deeds.

WRIT of entry. At the trial, before *Wilde* J., it appeared, that the title to the demanded premises was originally in Orra Martin ; that Martin made a general assignment of his property to the plaintiff under *St.* 1836, *c.* 238, (passed on the 15th of April, 1836,) by which the assignment and distribution of the property of insolvent debtors is regulated ; that the assignment in question was duly executed and notified by publication in a newspaper, as required by law, but was not recorded ; and that after the execution and delivery thereof, the tenant attached the demanded premises on a writ issued in his favor, against Martin, and having recovered judgment, caused his execution to be extended on the premises.

The tenant claimed the land against the deed of assignment, on the ground that such deed had not been recorded prior to the attachment. But the judge instructed the jury, that it was not necessary that a deed of assignment, under such statute, should be recorded, in order to protect real estate conveyed thereby from attachment, and he reserved the question for the consideration of the whole Court.

The jury returned a verdict for the demandant.

*Sept. 26th.*    *Billings*, for the tenant, cited Bac. Abr. *Statute, D.*

*Wells* and *Davis*, for the demandant, cited *Dudley* v. *Sumner*, 5 Mass. R. 472 ; Big. Dig. 184.

*April term 1840, in Franklin.*    WILDE J. delivered the opinion of the Court. The demandant derives his title from one Orra Martin, by a deed of conveyance made under the *St.* 1836, *c.* 238, regulating the assignment and distribution of the property of insolvent debtors. After the execution and delivery of the assignment, the defendant attached the premises in question as the property of Martin.. The case therefore turns on the validity of the assignment. The only objection to it is, that it was not recorded in the registry of deeds.

By the first section of the statute of 1836, it is enacted,

" that any debtor may assign and convey his property to his creditors, or to one or more assignees or trustees, for the use of his creditors, in the manner hereinafter mentioned ; and such assignment shall be valid and effectual against any attachment or execution, thereafter made or levied on any of the property so assigned ; provided the debtor shall make oath, a certificate of which shall be indorsed on the instrument of assignment, that he has, by such assignment, conveyed all his property not exempted by law from attachment, for the benefit of all his creditors, according to the true intent and meaning of this act."

By the fifth section the assignees are required, as soon as may be after the assignment, to give notice thereof by advertisement in some newspaper in the town where the debtor resides, if there be any, and if not, in some newspaper printed in the same county, or in the city of Boston ; and such advertisement shall be published not less than once a week for three weeks successively.

The statute does not require the deed of assignment to be recorded in the registry of deeds, nor any other notice of it to be given, except the publication in a newspaper according to the directions in the fifth section ; and it is not denied that the proceedings under and by virtue of the assignment, were in all respects conformable to the requisitions of the statute.  The assignment, therefore, by the express words of the statute, is valid against any attachment or execution, unless it was required to be recorded in the registry of deeds by some other statute.

The tenant's counsel contend, that this is required by the Revised Stat. c. 59, § 28, which provides, that no bargain and sale, or other like conveyance, of any estate in fee simple, fee tail, or for life, and no lease for more than seven years from the making thereof, shall be valid and effectual, against any person other than the grantor and his heirs and devisees, and per sons having actual notice thereof, unless it is made by a deed recorded as provided in this chapter.

If these two provisions respecting the conveyance of real estate be inconsistent, the one first made must yield to the subsequent one.   But there is perhaps no necessary inconsistency 'n the two statutes.   By the former statute a deed is valid

Guilford
*v.*
Childs.

without recording, against all persons having notice thereof; and by the latter statute, notice of an assignment of the property of an insolvent debtor is required to be given by advertisement in a newspaper. And we are of opinion, that this was intended by the legislature as legal notice to all creditors; and if so, then there is no repugnancy in the two statutes. By the general provision as to the conveyance of real estate, actual notice dispenses with the necessity of recording the deed; and we are of opinion, that the notice required to be given by the statute of 1836, is equivalent to actual notice to all creditors; and so the provisions in both statutes may well stand together.

But however this may be, an assignment made in pursuance of the latter statute is declared to be valid and effectual against any attachment or execution; and it is not required that the assignment should be recorded. In the subsequent statute of 1838, *c.* 163, for the relief of insolvent debtors, a different provision is made as to the assignment of the debtor's property. By the fifth section of that act, the assignment is directed to be made by the judge of probate, &c.; and such an assignment is declared to be effectual to pass all the estate of the debtor, both real and personal, and to dissolve all attachments. By the eleventh section the assignees are directed forthwith to cause the assignment to be recorded in the registry of deeds in each county in the commonwealth, in which there may be any real estate of the debtor, on which the same may operate. But even under that act, the estate of the debtor vests in the assignees immediately by the assignment, and all attachments are thereby dissolved. The intention of the legislature evidently was, by each statute, to provide for the equal distribution of the debtor's property among all his creditors, in proportion to their debts; and therefore the attachment of an individual creditor was not intended to be favored.

Upon the whole, we are of opinion, that the assignment to the plaintiff is a valid conveyance of the demanded premises, although it was not recorded in the registry of deeds, and consequently he is entitled to judgment.

*Judgment on the verdict*